1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES FLOURNOY,                              No.  2:13-cv-1867 JAM DAD P

12               Plaintiff,

13        v.                                      ORDER

14   MANJULA BOBBALA et al.,

15               Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                    1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2   1915(b)(2).

3                              **SCREENING REQUIREMENT**

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

6   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

7   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

9   U.S.C. § 1915A(b)(1) & (2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  However, in order to survive dismissal for failure to state a claim a complaint must contain more

22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28  /////

1    The Civil Rights Act under which this action was filed provides as follows:

2    
3    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
     deprivation of any rights, privileges, or immunities secured by the
4    Constitution . . . shall be liable to the party injured in an action at
     law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

13   their employees under a theory of respondeat superior and, therefore, when a named defendant

14   holds a supervisorial position, the causal link between him and the claimed constitutional

15   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

16   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

17   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

18   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19                              **PLAINTIFF'S COMPLAINT**

20       In his complaint plaintiff has identified Dr. Manjula Bobbala and Dr. Andrew Nangalama

21   as the defendants.  Therein plaintiff alleges that he has been diagnosed as suffering from chronic

22   pain since 2006.  According to plaintiff, defendant Dr. Bobbala first had actual knowledge that

23   plaintiff was diagnosed with chronic pain in 2011.  Defendant Dr. Nangalama has known of

24   plaintiff's condition since 2012.  Plaintiff maintains that he is still suffering from pain.  In terms

25   of relief, plaintiff seeks monetary damages and adequate pain medication.  (Compl. at 3.)

26                                    **DISCUSSION**

27       The allegations of plaintiff's complaint are so vague and conclusory that the court is

28   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

                                              3

1  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

2  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

3  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

4  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

5  with at least some degree of particularity overt acts which defendants engaged in that support his

6  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

7  8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an

8  amended complaint.

9       If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

10  the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

11  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

12  allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

13  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

14  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

15  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

16  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

17  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18       Plaintiff is advised that if he wishes to present a claim that he received constitutionally

19  inadequate medical care he will need to allege in specific terms how the named defendants were

20  "deliberately indifferent" to his serious medical needs in either denying or providing inadequate

21  medical care to him.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (inadequate medical care

22  did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment

23  rose to the level of "deliberate indifference to serious medical needs.").  Deliberate indifference is

24  "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of

25  due care for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

26  Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

27  medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

28  will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.

4

1  1980) (citing Estelle, 429 U.S. at 105-06).  Likewise, a mere disagreement between plaintiff and

2  defendants as to how defendants provided him with medical care fails to state a cognizable §

3  1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson

4  v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

5          Plaintiff is informed that the court cannot refer to a prior pleading in order to make

6  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

7  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

9  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

10  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

11  and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

13          Accordingly, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

15          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

17  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18  Director of the California Department of Corrections and Rehabilitation filed concurrently

19  herewith.

20          3.  Plaintiff's complaint is dismissed.

21          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

22  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

23  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

24  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

25  complaint in accordance with this order will result in a recommendation that this action be

26  dismissed without prejudice.

27  /////

28  /////

         5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

rights action.

Dated:  February 10, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
flou1867.14a