UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FLOURNOY, | No. 2:13-cv-1867 JAM KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| MANJULA BOBBALA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action. Pending before the court is plaintiff's motion for preliminary injunctive relief, plaintiff's motion for appointment of counsel, and plaintiff's motion for an extension of time to file an opposition to defendants' motion to dismiss.

First, as to plaintiff's motion for preliminary injunctive relief, at the time plaintiff filed his motion he was incarcerated at California State Prison, Sacramento. On September 21, 2015, plaintiff filed a notice of change of address in this case to reflect his recent transfer to the California Substance Abuse Treatment Facility. Thus, plaintiff is no longer subject to the alleged unlawful conditions he complained of at California State Prison, Sacramento. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Nor does plaintiff's complaint fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. See Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977) ("A mere speculative possibility of repetition is not sufficient.

1

There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied."). Accordingly, the court recommends denying plaintiff's motion for preliminary injunctive relief as moot.

Turning now to plaintiff's motion for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

Plaintiff asserts that he requires appointment of counsel because he is indigent and has a limited education. While the court sympathizes with these challenges, they are insufficient to merit the appointment of counsel at this time. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Accordingly, the court denies plaintiff's motion for appointment of counsel.

Finally, plaintiff has requested an extension of time to file an opposition to the motion to dismiss filed on behalf of defendants Bobbala, Daye, Nangalama, and Sahota. Good cause appearing, the court grants plaintiff's request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Doc. No. 30) is denied without prejudice;

2. Plaintiff's motion for an extension of time (Doc. No. 31) is granted; and

/////

/////

2

3. Plaintiff is granted thirty days from the date of service of this order in which to file and serve a response to defendants' motion to dismiss. Any reply shall be filed and served in accordance with Local Rule 230(l).

IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunctive relief (Doc. No. 24) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 10, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

flou1867.31+36opp

3